**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| IPCOM, GMBH & CO., | |
| Plaintiff, | Civil Action No. 2:20-CV-322-JRG |
| v. | LEAD CASE |
| | JURY TRIAL DEMANDED |
| AT&T CORP., ET AL., | |
| Defendant, | |
| NOKIA OF AMERICA CORPORATION., | |
| Intervenor, | |
| IPCOM, GMBH & CO., | |
| Plaintiff, | Case Action No. 2:20-CV-323-JRG |
| v. | JURY TRIAL DEMANDED |
| VERIZON COMMUNICATIONS INC., ET AL. | |
| Defendant. | |
| NOKIA OF AMERICA CORPORATION., | |
| Intervenor, | |

## NOKIA INTERVENOR'S ANSWER AND COUNTERCLAIMS IN INTERVENTION

Intervenor Nokia of America Corporation ("Nokia" or "Intervenor"), by and through its undersigned counsel, hereby submits the following Answer and Counterclaims in Intervention to the October 01, 2020 Complaint (Dkt. No. 1 (2:20-CV-323-JRG)) ("Complaint") of Plaintiff IPCom, Gmbh & Co. KG ("IPCom" or "Plaintiff"):

## SCOPE OF NOKIA'S ANSWER IN INTERVENTION

Nokia's intervention in this case is limited to defending claims arising from Defendants' Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., Verizon Enterprise Solutions LLC, Verizon Business Global LLC, Verizon Business Services LLC, Verizon Business Network Services LLC; Verizon Corporate Services Group Inc., Verizon Data Services LLC and Verizon Online LLC (collectively, "Verizon" or "Defendant") use of Nokia equipment. To the extent a response is required to allegations outside of this scope, Nokia is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them. Nokia's use of headings in this Answer in Intervention is for convenience only and are not admissions as to any of Plaintiff's allegations in the Complaint.

Nokia further denies that any patent claims in this action are valid or enforceable. Nokia further reserves the right to amend or supplement its Answer in Intervention based on any additional facts or developments that become available or that arise after the filing of this Answer in Intervention.

Nokia denies each and every allegation averred in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

## ANSWER IN INTERVENTION

Except as expressly admitted below, Nokia denies each and every allegation set forth in the Complaint:

## THE PARTIES

### IPCom

1.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

### Verizon Defendants

2.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

3.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

4.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

5.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

6.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

7.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

8.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

9.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

10.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

11.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

## NATURE OF ACTION

12.     Nokia admits that IPCom alleges in the Complaint that Verizon has infringed U.S. Patent Nos. 7,333,822 (the "'822 Patent"), 10,382,909 (the "'909 Patent"); 6,813,261 (the "'261 Patent); 7,006,463 (the "'463 Patent"); and 6,983,147 (the "'147 Patent") (collectively the "Patents-in-Suit"), under the patent laws of the United States, Title 35 of the United States Code, but denies that IPCom is entitled to any relief.

## JURISDICTION AND VENUE

13.     Nokia admits the Complaint purports to bring an action under the patent laws of the United States, Title 35 of the United States Code, but denies that IPCom is entitled to any relief. Nokia admits that this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

14.     This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Nokia denies that Verizon has infringed the Patents-in-Suit through Verizon's use of Nokia equipment. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

15.     This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Nokia denies that Verizon has infringed the Patents-in-Suit

through Verizon's use of Nokia equipment. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

16.     This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Nokia denies that Verizon has infringed the Patents-in-Suit through Verizon's use of Nokia equipment. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

## THE PATENTS-IN-SUIT

### U.S. Patent No. 7,333,822

17.     Nokia admits that Exhibit A of the Complaint appears to be an accurate reproduction of the '822 Patent.

18.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

19.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

20.     To the extent the allegations in this Paragraph purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

21.     This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, denied.

**U.S. Patent No. 10,382,909**

22.     Nokia admits that Exhibit B of the Complaint appears to be an accurate reproduction of the '909 Patent.

23.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

24.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

25.     To the extent the allegations in this Paragraph purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

26.     This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, denied.

**U.S. Patent No. 6,813,261**

27.     Nokia admits that Exhibit C of the Complaint appears to be an accurate reproduction of the '261 Patent, entitled "Method of Mobile Communication and Apparatus Therefor," which issued on November 2, 2004. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

28.     To the extent the allegations in this Paragraph purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

29.     To the extent the allegations in this Paragraph purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

30.     This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, denied.

31.     This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, denied.

**U.S. Patent No. 7,006,463**

32.     Nokia admits that Exhibit D of the Complaint appears to be an accurate reproduction of the '463 Patent, entitled "CDMA Communication System and Its Transmission Power Control Method," which issued on February 28, 2006. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

33.     To the extent the allegations in this Paragraph purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

34.     To the extent the allegations in this Paragraph purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

35.     This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, denied.

36.     This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, denied.

**U.S. Patent No. 6,983,147**

37.     Nokia admits that Exhibit E of the Complaint appears to be an accurate reproduction of the '147 Patent, entitled "Method of transmitting signaling information, a master station, a mobile station and message elements," which issued on January 3, 2006. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

38.     To the extent the allegations in this Paragraph purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

39.     To the extent the allegations in this Paragraph purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

40.     This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, denied.

41.     This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, denied.

## FACTUAL BACKGROUND

## IPCOM

42.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

43.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

44.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

45.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

46.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

## The Verizon Network

47.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

48.     Nokia admits it provides base transceiver stations to Verizon. Nokia denies that Verizon's wireless network has infringed the Patents-in-Suit through Verizon's use of Nokia equipment. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

49.     Nokia admits it provides base transceiver stations to Verizon. Nokia denies that Verizon's wireless network has infringed the Patents-in-Suit through Verizon's use of Nokia

equipment. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

50.     Nokia admits it provides base transceiver stations to Verizon. Nokia denies that Verizon's wireless network has infringed the Patents-in-Suit through Verizon's use of Nokia equipment. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

51.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

52.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

### Verizon's Third-Party Vendors And Partners

53.     Nokia admits it provides base stations to Verizon. Nokia denies that Verizon has infringed the Patents-in-Suit through Verizon's use of Nokia equipment. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

54.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

**Ericsson**

55.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

56.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

57.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

58.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

**Nokia/Alcatel**

59.     Nokia admits that it conducts business operations within the Eastern District of Texas. Nokia further admits that there is a Nokia facility in Plano, Texas that has been used as a training center. Nokia admits that it has a data center in Plano. Nokia also admits that there is a Nokia facility in Lewisville, Texas. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies them.

60.     To the extent the allegations of this Paragraph purport to characterize the contents of a webpage, that webpage speaks for itself. Nokia admits Alcatel-Lucent (not Alcatel) invested in a regional headquarters in Plano, Texas. Nokia admits that Nokia operated a training center in Plano. The remaining allegations are denied.

61.     To the extent the allegations of this Paragraph purport to characterize the contents of a webpage, that webpage speaks for itself. Nokia admits that it has offices in Texas. Nokia admits its U.S. headquarters is in Dallas and that it has many employees there. Nokia further admits that it has an innovation center in Dallas. Nokia further admits that it employs hardware and software engineers working on mobile telecommunication equipment. Nokia further admits that it operated a training center in Irving, Texas. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies them.

**Mavenir**

62.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

## COUNT I

### Infringement of the '822 Patent by Verizon

63.     Nokia incorporates by reference each response contained in paragraphs 1 through 62 of this Answer in Intervention as though fully set forth herein.

64.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

65.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

66.     Denied.

67.     Nokia denies that Verizon has infringed the '822 Patent through Verizon's use of Nokia equipment or technology. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

68.     Denied.

## COUNT II

### Infringement Of The '909 Patent By Verizon

69.     Nokia incorporates by reference each response contained in paragraphs 1 through 68 of this Answer in Intervention as though fully set forth herein.

70.     Denied.

71.     Nokia denies that Verizon has infringed the'909 Patent through Verizon's use of Nokia equipment or technology. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

72.     Denied.

**COUNT III**

**Infringement Of The '463 Patent By Verizon**

73.     Nokia incorporates by reference each response contained in paragraphs 1 through 72 of this Answer in Intervention as though fully set forth herein.

74.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

75.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

76.     Denied.

77.     Denied.

**COUNT IV**

**Infringement Of The '261 Patent By Verizon**

78.     Nokia incorporates by reference each response contained in paragraphs 1 through 77 of this Answer in Intervention as though fully set forth herein.

79.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

80.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

81.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

82.     Denied.

83.     Denied.

## COUNT V

### Infringement Of The '147 Patent By Verizon

84.     Nokia incorporates by reference each response contained in paragraphs 1 through 83 of this Answer in Intervention as though fully set forth herein.

85.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

86.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

87.     Denied.

88.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

89.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

90.     Denied.

91.     Nokia denies that Verizon has infringed the '147 Patent through Verizon's use of Nokia equipment. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

92.     Denied.

## ANSWER TO THE DEMAND FOR JURY TRIAL

93.     This paragraph sets forth IPCom's demand for a trial by jury on all issues so triable to which no response is required.

## ANSWER TO THE PRAYER FOR RELIEF

To the extent any response is required to any paragraph of IPCom's Prayer for Relief, Nokia denies that IPCom is entitled to any of the requested relief and denies any allegations of its Prayer for Relief as to Verizon. Nokia further denies each and every allegation in the Complaint to which it has not specifically responded.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Nokia alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing IPCom's burden of proof on its affirmative claims against Nokia, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Nokia specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

Nokia equipment and technology supplied to Verizon do not, alone or in combination, infringe any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, nor is such equipment or technology used in any infringement of any valid and enforceable claim.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity/Unenforceability)

The claims of the Patents-in-Suit are invalid or unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or 116.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

IPCom is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the Patents-in-Suit, from asserting any interpretation of the claims of those patents that would be broad enough to cover any accused equipment or methods alleged to infringe those patents, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

IPCom's claims are barred, either whole or in part, by the doctrine of laches, waiver, estoppel, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Statutory Limitations on Damages)

Any claim by IPCom for damages is limited by 35 U.S.C. §§ 252, 286, 287, or 307. IPCom is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutory Limitation)

To the extent certain equipment or technology accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government, IPCom's claims involving Nokia

equipment or technology supplied to Verizon with respect to such equipment or technology may

not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

To the extent that Plaintiffs, their predecessors, or licensees of the Patents-in-Suit failed to

properly mark any relevant products or materials as required by 35 U.S.C. § 287, IPCom's

damages are barred, in whole or in part.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Willful Infringement)

IPCom is not entitled to enhanced damages under 35 U.S.C. § 284 because IPCom has

failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

IPCom's Complaint fails to state facts sufficient to constitute a claim upon which relief can

be granted.

## TENTH AFFIRMATIVE DEFENSE

### (Contractual Limitation on Damages - License)

IPCom's claims for monetary relief are limited because Nokia and its predecessors Alcatel-

Lucent USA Inc. and Lucent Technologies Inc were licensed to at least the '261 and '463 Patents.

IPCom's claims for monetary relief are limited because Verizon was licensed to the '261 and '463

Patents.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Patent Exhaustion/Implied License)

IPCom's claims of patent infringement are barred by the doctrines of patent exhaustion and/or implied license because, by way of example, Nokia and the customers or end users of Nokia's equipment and technology were authorized to make, use, sell, and/or offer to sell products embodying the asserted claims of the Patents-in-Suit under the terms of license agreements relating to at least the '261 and '463 Patents.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Exceptional Case)

IPCom cannot prove that this is an exceptional case justifying an award of attorney's fees against Verizon pursuant to 35 U.S.C. § 285.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Acts of Others)

The claims made in the Complaint are barred, in whole or in part, because Nokia is not liable for the acts of others over whom it has no control.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

IPCom's claims against Nokia are barred because IPCom's damages, if any, were not caused by Nokia.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

Nokia reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may

exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the Patents-in-Suit based on inequitable conduct, based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that Nokia has the burden of proving the matter asserted.

## INTERVENOR NOKIA'S COUNTERCLAIMS

### THE PARTIES

1.      Intervenor Nokia of America Corporation ("Nokia") is a Delaware corporation with a principal place of business at 600-700 Mountain Avenue, Murray Hill, NJ 07974.

2.      Based on IPCom's Complaint, IPCom, Gmbh & Co. KG is a limited partnership organized under the laws of Germany with its principal place of business at Zugspitzstraße 15, 82049 Pullach, Germany.

### JURISDICTION AND VENUE

3.      The counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States set forth in Title 35 of the United States Code and in Title 37 of the Code of Federal Regulations.

4.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a). This Court has personal jurisdiction over IPCom. IPCom has consented to venue in this Court by bringing this action against Verizon, and thus venue for Nokia's counterclaims is proper in this district, although a different venue may be more convenient to hear the dispute.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b)

## NATURE OF THE ACTION

6.     Based on IPCom's Complaint, IPCom has substantial rights and interest in U.S. Patent Nos. 7,333,822 (the "'822 Patent"), 10,382,909 (the "'909 Patent"); 6,813,261 (the "'261 Patent); 7,006,463 (the "'463 Patent"); and 6,983,147 (the "'147 Patent") (collectively the "Patents-in-Suit").

7.     IPCom has sued Nokia's customer, Verizon Communications Inc., Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., Verizon Enterprise Solutions LLC, Verizon Business Global LLC, Verizon Business Services LLC, Verizon Business Network Services LLC; Verizon Corporate Services Group Inc., Verizon Data Services LLC and Verizon Online LLC (collectively, "Verizon" or "Defendant") (collectively, "Verizon") with respect to the Patents-in-Suit in Eastern District of Texas Case No. 2:20-CV-323 (the "Verizon Case").

8.     IPCom's Complaint in the Verizon Case alleges infringement based, in part, upon functionality implemented by network equipment and technology supplied by Nokia to Verizon.

9.     In response, Verizon has tendered an indemnity demand to Nokia with respect to the Patents-in-Suit.

10.     Nokia asserted that the Patents-in-Suit are invalid for failing to satisfy one or more of the requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. §§ 100, 101, 102, 103 and/or 112, or other judicially-created bases for invalidity or unenforceability.

11.     Nokia further denies that Verizon has infringed the Patents-in-Suit directly or indirectly through Verizon's use of Nokia equipment or technology.

12.     In view of the foregoing, a conflict of asserted rights has arisen between Nokia and IPCom with respect to the alleged infringement and validity of the Patents-in-Suit.

13.     Nokia brings the following counterclaims against IPCom:

### FIRST COUNTERCLAIM

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,333,822)**

14.     Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-13.

15.     Nokia seeks and is entitled to a declaration that one or more claims of the '822 Patent, including but not limited to claims 1, 32, and 33, are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SECOND COUNTERCLAIM

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 10,382,909)**

16.     Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-13.

17.     Nokia seeks and is entitled to a declaration that one or more claims of the '909 Patent, including but not limited to claims 1, 3, and 6-10, are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD COUNTERCLAIM

**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 6,813,261)**

18.     Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-13.

19.     Nokia seeks and is entitled to a declaration that one or more claims of the '261 Patent, including but not limited to claims 34-36, are invalid for failure to comply with the

requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH COUNTERCLAIM

### (Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,006,463)

20.     Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-13.

21.     Nokia seeks and is entitled to a declaration that one or more claims of the '463 Patent, including but not limited to claims 6, 8, 9, 13, 15, and 16, are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FIFTH COUNTERCLAIM

### (Declaratory Relief Regarding Invalidity of U.S. Patent No. 6,983,147)

22.     Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-13.

23.     Nokia seeks and is entitled to a declaration that one or more claims of the '147 Patent, including but not limited to claims 1-4, 6, and 32-36, are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SIXTH COUNTERCLAIM

### (Declaratory Relief of Non-Infringement of U.S. Patent No. 7,778,822)

24.     Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-13.

25.     IPCom has asserted that Verizon infringes the '822 Patent.

26.     An actual, substantial, and continuing justiciable controversy exists between Nokia and IPCom with respect to infringement of the '822 Patent.

27.     Nokia's equipment and technology in Verizon's network have not infringed and do not infringe any valid and enforceable claim of the '822 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

28.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Nokia and IPCom as to whether Nokia has infringed or infringes any valid and enforceable claim of the '822 Patent.

29.     A judicial declaration concerning these matters is necessary and appropriate so that Nokia can ascertain its rights regarding the '822 Patent.

## SEVENTH COUNTERCLAIM

### (Declaratory Relief of Non-Infringement of U.S. Patent No. 10,382,909)

30.     Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-13.

31.     IPCom has asserted that Verizon infringes the '909 Patent.

32.     An actual, substantial, and continuing justiciable controversy exists between Nokia and IPCom with respect to infringement of the '909 Patent.

33.     Nokia's equipment and technology in Verizon's network have not infringed and do not infringe any valid and enforceable claim of the '909 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

34.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Nokia and IPCom as to whether Nokia has infringed or infringes any valid and enforceable claim of the '909 Patent.

35.     A judicial declaration concerning these matters is necessary and appropriate so that Nokia can ascertain its rights regarding the '909 Patent.

## EIGHTH COUNTERCLAIM

### (Declaratory Relief of Non-Infringement of U.S. Patent No. 7,006,463)

36.     Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-13.

37.     IPCom has asserted that Verizon infringes the '463 Patent.

38.     An actual, substantial, and continuing justiciable controversy exists between Nokia and IPCom with respect to infringement of the '463 Patent.

39.     Nokia's equipment and technology in Verizon's network have not infringed and do not infringe any valid and enforceable claim of the '463 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

40.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Nokia and IPCom as to whether Nokia has infringed or infringes any valid and enforceable claim of the '463 Patent.

41.     Further, Nokia and the customers or end users of Nokia's equipment and technology were authorized to make, use, sell, and/or offer to sell products embodying the asserted claims of the '463 Patent under the terms of license agreements relating to the '463 Patent.

42.     A judicial declaration concerning these matters is necessary and appropriate so that Nokia can ascertain its rights regarding the '463 Patent.

## NINTH COUNTERCLAIM

### (Declaratory Relief of Non-Infringement of U.S. Patent No. 6,813,261)

43.     Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-13.

44.     IPCom has asserted that Verizon infringes the '261 Patent.

45.     An actual, substantial, and continuing justiciable controversy exists between Nokia and IPCom with respect to infringement of the '261 Patent.

46.     Nokia's equipment and technology in Verizon's network have not infringed and do not infringe any valid and enforceable claim of the '261 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

47.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Nokia and IPCom as to whether Nokia has infringed or infringes any valid and enforceable claim of the '261 Patent.

48.     Further, Nokia and the customers or end users of Nokia's equipment and technology were authorized to make, use, sell, and/or offer to sell products embodying the asserted claims of the '261 Patent under the terms of license agreements relating to the '261 Patent.

49.     A judicial declaration concerning these matters is necessary and appropriate so that Nokia can ascertain its rights regarding the '261 Patent.

## TENTH COUNTERCLAIM

### (Declaratory Relief of Non-Infringement of U.S. Patent No. 6,983,147)

50.     Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-13.

51.     IPCom has asserted that Verizon infringes the '147 Patent.

52.   An actual, substantial, and continuing justiciable controversy exists between Nokia and IPCom with respect to infringement of the '147 Patent.

53.   Nokia's equipment and technology in Verizon's network have not infringed and do not infringe any valid and enforceable claim of the '147 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

54.   There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Nokia and IPCom as to whether Nokia has infringed or infringes any valid and enforceable claim of the '147 Patent.

55.   A judicial declaration concerning these matters is necessary and appropriate so that Nokia can ascertain its rights regarding the '147 Patent.

## DEMAND FOR JURY TRIAL

Nokia hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38 on all issues triable of right to a jury.

## FEES AND COSTS

To the extent that IPCom's patent infringement case supports a finding that this is an "exceptional case," an award of attorneys' fees and costs to Nokia is justified pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Nokia respectfully request that the Court enter judgment and order in its favor and grant the following relief:

a)   A declaration that Verizon has not infringed the Patents-in-Suit through Verizon's use of Nokia equipment and/or technology, contributed to infringement of any of the Patents-in-Suit, and/or induced the infringement of any of the Patents-in-Suit;

b)   A declaration that the claims of each of the Patents-in-Suit are invalid and/or unenforceable.

c)   Award no damages or equitable relief (including injunction) to IPCom for alleged infringement of the Patents-in-Suit.

d)   Award attorneys' fees to Nokia pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

e)   Award to Nokia such other costs and further relief as the Court deems just and proper.

Respectfully submitted, this 9th day of February 2021.

*/s/ Brady Cox*
Brady Cox (TX Bar No. 24074084)
**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
brady.cox@alston.com

John D. Haynes (GA Bar No. 340599)
Wesley C. Achey (GA Bar No. 141284)
Michael C. Deane (GA Bar No. 498195)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777
john.haynes@alston.com
wes.achey@alston.com
michael.deane@alston.com

*Counsel for Intervenor Nokia of America
Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on February 9, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Brady Cox
Brady Cox